# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**GARY LINDSEY,**

           **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　**Case No.  6:04-cv-1502-Orl-KRS**

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,**

___

# ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**PLAINTIFF'S PETITION FOR ATTORNEY FEES (Doc. No. 26)**
>
> **FILED:**　**January 22, 2006**
>
> ___
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENED** in part.

The plaintiff, Gary Lindsey, seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  A final judgment reversing the decision below was entered on October 31, 2005.  Doc. No. 25.  The petition for fees is, therefore, ripe for consideration.

Lindsey seeks $5,117.77 in attorneys' fees for 35.79 hours of work.  Doc. No. 26.  In sum, Lindsey's attorneys seek an hourly rate of $151.65 for work performed in 2004, and $159.60 for work performed in 2005 and 2006 pursuant to a provision in the EAJA that allows the Court to adjust the

statutory hourly rate based on changes in the cost of living. *Id*. at 2. Lindsey's paralegal, Dorothy Woznicki, seeks an hourly rate of $75.00 for her work in connection with this litigation. *Id*.

The defendant, the Commissioner of Social Security, does not object to the hourly rates for Bohr and Ginsberg, or the number of hours they worked.

The Commissioner does object to the hourly rate for and hours worked by Woznicki. The Commissioner submits that an hourly rate of $65.00 is more in line with the prevailing market rate for paralegal services. She argues, as well, that much of Woznicki's work was clerical in nature and not compensable under the EAJA. Doc. No. 27.

Lindsey did not initially submit any documentation detailing Woznicki's training or experience. *See Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.") (internal quotation marks and citation omitted). On February 8, 2006, without requesting leave from the Court to do so, Lindsey submitted an affidavit from Woznicki detailing her relevant experience. Doc. No. 28.

Paralegal time is recoverable under the EAJA, but only to the extent the paralegal performs work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). After considering the affidavit submitted by Woznicki, and reviewing the summary of work performed by Woznicki, I conclude that all of her work was clerical in nature rather than work traditionally done by an attorney. I note that the summary of her work includes calling the Court for instructions on how to file papers, hand delivering papers to the Court, preparing routine forms, and forwarding documents to co-counsel. Therefore, Woznicki's work in this case is not compensable under the EAJA.

After reviewing the papers submitted by Lindsey, I find that the remaining fees requested are appropriate in the absence of objection.

The lodestar calculation for the attorneys that worked on this case are as follows:

| **Attorneys**: | Hourly Rate | | Hours Claimed | Hours Awarded | Total Award |
|---|---|---|---|---|---|
| Sarah Bohr | 2005: | $159.60 | 19.90 | 19.90 | $3,176.04 |
|  | 2006: | $159.60 | 1.00 | 1.00 | $159.60 |
| Robert Ginsberg | 2004: | $151.65 | 8.14 | 8.14 | $1,234.43 |
|  | 2005: | $159.60 | .49 | .49 | $78.20 |
| **Grand Total** |  |  | 29.53 | 29.53 | $4,648.27 |

It is, therefore, **ORDERED** that Lindsey is awarded $ 4,648.27 in attorneys' fees pursuant to the EAJA.

**DONE** and **ORDERED** in Orlando, Florida on February 9, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties